UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CR718 HEA |
| | ) | |
| ANDREW JOSEPH HYER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 42], of United States Magistrate Judge David D. Noce, pursuant to 28 U.S.C. § 636(b). Judge Noce recommends that Defendant's Motion to Suppress Evidence of Statements, [Doc. 23] and his Motion to Suppress Physical Evidence, [Doc. No. 24], be denied. Judge Noce further recommends that the Motion of the government for a Determination of the Admissibility of the Arguably Suppressible Evidence, [Doc. No.'s 15 and 21] be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324

F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id.* The court has reviewed the entire record, including listening to the audio recording of the hearing held on March 5, 2010 and reading the transcript thereof.

## Discussion

Judge Noce held a hearing on March 5, 2010. At this hearing, evidence was heard from various witnesses. The parties also presented argument. In reaching his recommendation, Judge Noce also reviewed the video recording of the interview of Defendant of February 11, 2005, (Government Exhibit 4), listened to recorded conversation on a compact disk, (Government's Exhibit 7), and listened to the recorded interview of Defendant on the compact disk, (Government's Exhibit 7).

Defendant initially raises the objection that the recorded statements referred to in the Order and Recommendation "for the most part" were not discussed by the witnesses during the hearing and "may have been based on a transcript which the Magistrate Judge possibly prepared or received from another source". Further, Defendant states that the subject matter of tapes has been included in the Order setting forth trial procedures. This Order details how disputes between inaccuracy of the transcripts and tape recordings should be resolved. Defendant believes that it

"was error" to consider transcripts which had not been shared with Defendant.

Defendant's objection is without merit. As the Order and Recommendation details, Judge Noce listened to and viewed the recordings. He did not rely on any transcripts thereof. Thus, there is no basis for Defendant's objection.

Defendant also objects to what he claims are stale allegations in the search warrant procedure in that the applications and affidavits for the 2009 references searches in 2005. This objection is overruled. As the Order and Memorandum clearly articulates, the affidavit in support of the application for the 2009 search warrants were focused not on the 2005 searches, rather, the affidavit centers its focus on the reports from the National Center for Missing and Exploited Children, which was received in early March, 2009. The warrant was therefore valid.

Defendant's next objection addresses his Fifth Amendment rights as they are set out in *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Defendant states that on two occasions, he indicated that he wanted to call somebody and did not want to continue answering. As Judge Noce carefully concludes, Defendant continued answering question, never stated that he would not answer the questions, and never asked to speak with an attorney. While Defendant did make statements that he wanted to "call somebody" and that he did not "really want to" continue answering questions, Defendant did continue answering the questions and did not ask for

counsel.  Defendant never said he would not answer anymore questions.

There were no threats made and the officers did not coerce Defendant in anyway.  Defendant was coherent, he did not appear intoxicated and he did not appear under the influence of drugs.  The Court therefore agrees with Judge Noce that there has been no violation of *Miranda.*  Defendant's objection in this regard is overruled.

Defendant argues that Count III cannot be prosecuted.  He argues that the State of Missouri did not prosecute him within the three year statute of limitations applicable under Missouri state law.  Continuing his argument, Defendant claims that the United States cannot now prosecute him for the 2005 incident, claiming that his innocence is *res judicata*.  Defendant presents no authority for this position, and his argument is not specifically relevant to the Order and Recommendation.  Judge Noce advised counsel at the hearing that he could file something in this regard, but he has not as of this time filed a motion to dismiss Count III.  Until such motion is made, the Court will not render an advisory opinion with regard to the viability of Count III.

Defendant objects to the scope of the search warrants.  He argues that the warrants show that the area to be searched is much greater than it should have been, based upon what the affidavits said to the issuing judges and as such, the warrants constituted authorization for a general warrant.  As Judge Noce clearly and correctly

finds, the search warrants authorized the officers to search for specific items related to child pornography. The warrants in this regard were particular enough, as detailed in the Order and Recommendation, to satisfy the requirements of the Fourth Amendment. The objection is therefore overruled.

Finally, Defendant takes issue with the fact that the issuing judges did not actually view the images of child pornography. The affidavits described the images which specifically set forth the reasons the images depicted child pornography. Defendant takes issue with the description provided because it involved actions, *i.e.* grabbing their penises and masturbating, which cannot be displayed in a still photograph. Defendant's objection is overruled. The description of the picture details the appearance of minor boys, their state of undress and the positioning of their hands on their bodies. This description can give rise to the conclusions of what actions were being taken in the photographs.

Defendant also suggests that the judges should have viewed the photographs in order to determine the age of the person on the image file. As Judge Noce correctly sets out, the law does not require the issuing judge actually see the images. Rather, the judge need only review a factual description of the images by law enforcement. The affidavits did indeed provide a factual description of the minor boys, how they were dressed/undressed and what they were doing. The actual viewing of the images is not required prior to issuing the search warrants.

Defendant's objection is overruled.

## Conclusion

Having conducted a *de novo* review of the Motions to Suppress and the record before the Court, Defendant's objections are overruled. The Order and Recommendation contains a very thorough analysis of the facts presented at the hearing and reaches the proper conclusions of law. The Court, therefore will adopt Judge Noce's Recommendations.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress Evidence of Statements, [Doc. 23] and his Motion to Suppress Physical Evidence, [Doc. No. 24], are **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion for a Determination of the Admissibility of the Arguably Suppressible Evidence [Doc. No.'s 15 and 21] are **DENIED** as moot.

Dated this 28th day of May, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE